UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAMERTO Q. and MINDA C. SALINAS, ) | Case No. 2:11-CV-01220 JAM-DAD |
| ) | |
| Plaintiffs, ) | ORDER DENYING PLAINTIFFS' |
| ) | MOTION FOR PRELIMINARY |
| v. ) | INJUNCTION |
| ) | |
| WACHOIVIA MORTGAGE, a division ) | |
| of WELLS FARGO BANK, N.A.; CAL- ) | |
| WESTERN RECONVEYANCE ) | |
| CORPORATION; and DOES 1-50, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on Plaintiffs Mamerto Q. Salinas and Minda C. Salinas's ("Plaintiffs") Motion for a Preliminary Injunction (Doc. # 10). Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Defendant") opposes the motion (Doc. # 17).[1]

I.   FACTUAL AND PROCEDURAL BACKGROUND

On or about March 1, 2007, Plaintiffs obtained a $548,000.00 adjustable rate loan from Defendant for a property in Stockton,

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 20, 2011.

1

California.  By 2010, Plaintiffs began to default on the loan so in May 2010, the parties entered into a written forbearance agreement. Plaintiffs defaulted on that agreement and Defendants recorded a notice of default on October 27, 2010.

Plaintiffs filed the instant action alleging eleven causes of action in the California Superior Court in the County of San Joaquin.  Plaintiffs alleged a violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") and ten violations of California state law.  Defendant removed the action to this Court and filed a Motion to Dismiss the Complaint.  Plaintiffs also filed this Motion for a Preliminary Injunction, requesting that the Court enjoin Defendant from a foreclosure sale on Plaintiffs' property.[2]

## II.  OPINION

A.  Legal Standard

1.  Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  American Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052. (9th Cir. 2009), quoting Winters v. Natural Resources Defense Council, Inc., 55 U.S. 20, 374 (2008).

///
///

---

[2] Defendant claims the foreclosure sale will occur on July 27, 2011; in correspondence to the Court, Plaintiff claims the foreclosure sale will occur on July 28, 2011.

B.  <u>Claims for Relief</u>

1.  <u>Likelihood of Success on the Merits</u>

Plaintiffs are unlikely to succeed on the merits. Plaintiffs' TILA claim lacks legal support. Plaintiffs argue that Defendant failed to clearly communicate the risks of the loan, but TILA does not require the lender to do so. <u>See</u>, <u>e.g.</u>, 15 U.S.C. § 1637(a). Additionally, the TILA claim is time barred. The statute of limitations is one year if the plaintiff seeks damages and three years if the plaintiff seeks a rescission of the loan. <u>See</u> 15 U.S.C. §§ 1640(e), 1635(f). Here, Plaintiffs' loan closed in March 2007, so the TILA claim should have been asserted no later than March 2008 for a damages claim or March 2010 for the rescission claim. Plaintiffs filed their Complaint on April 4, 2011. Thus, Plaintiffs' TILA claim is time-barred.

Plaintiffs' ten state law claims are also unlikely to succeed because they are all preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461, <u>et seq.</u> ("HOLA"). The claims in the Complaint are entirely based on the origination of Plaintiffs' mortgage loan and, to a lesser extent, Defendant's subsequent servicing of the loan. HOLA regulation 12 C.F.R. §§ 560.2(b)(4), (9), and (10) preempt claims based on the "origination," the "terms of credit," or "disclosure" regarding mortgage loans. HOLA regulation 12 C.F.R. §§ 560.2(b)(5), (10), and (4) preempt the servicing of the loan and pertain to "loan-related fees [and] charges", "processing [or] servicing" and the extent the fees and charges were authorized by the loan's "terms of credit." When allegations within the Complaint fall within one of the categories listed under 12 C.F.R. § 560.2(b), "the analysis will end there; the law is preempted."

3

Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1005 (9th Cir. 2008).

In addition to being preempted, the fraud claim and the Section 2923.5 claim are legally defective.  The statute of limitations for fraud is three years, so Plaintiffs' fraud claim became time-barred as of March 2010.  See Code of Civil Procedure § 338(d).  Furthermore, the fraud claim will not succeed because Defendant did not owe Plaintiffs any duty of care or disclosure.  Under California law, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.  Nymark v. Heart Federal Savings & Loan Assn., 231 Cal.App.3d 1089, 1096 (Cal. Ct.App.3d 1991).  Finally, the violation of Civil Code § 2923.5 claim fails because Plaintiffs have not alleged a credible offer to tender.  "Under California law, '[i]n obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to [her] obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction.'"  Davidson v. Countrywide Home Loans Inc., No. 09-CV-2694, 2010 WL 2925440, *3 (S.D. Cal. July 23, 2010), citing Fleming v. Kagan, 189 Cal.App.2d 791 (Cal.App.2d. 1961).

  2. Irreparable Harm

Clearly, the loss of a home is a serious injury.  However, "it is appropriate to deny an injunction where there is no showing of reasonable probability of success, even though the foreclosure will create irreparable harm, because there is no justification in delaying that harm where, although irreparable, it is also

4

inevitable." Linder v. Aurora Loan Servicing, LLC, No. 2:09-CV-03490, 2010 WL 2923300, *8 (E.D. Cal. July 26, 2010), quoting Jessen v. Keystone Savings & Loan Ass'n., 142 Cal.App.3d 454, 459 (Cal. Ct.App.4d 1983). Plaintiffs have not shown a reasonable probability of success on the merits, as discussed above. Additionally, although foreclosure will create irreparable harm, foreclosure is inevitable because Plaintiffs have not repaid the loan nor alleged their ability to repay the loan.

### 3. Balance of the Equities

While denying the injunction would cause Plaintiffs to lose their home, Defendant would conversely be injured if the preliminary injunction were granted because it would be forced to hold onto a depreciating security interest, without any ability to stop or slow its ongoing losses. Given that Plaintiffs' claims are unlikely to succeed and that foreclosure is inevitable, the balance of the equities tips towards the Defendant which should not be forced to hold on to depreciating property while Plaintiffs attempt to delay the inevitable foreclosure.

### 4. Public Interest

Plaintiffs, who bear the burden of demonstrating an injunction is in the public interest, Winter, 129 S.Ct. at 374, do not provide a persuasive argument that granting the injunction would further the public interest. While there is a strong interest in accurately resolving ownership of real property and preventing improper non-judicial foreclosures, Plaintiffs do not allege that Defendant does not properly hold the Note or that the foreclosure would be improper. Plaintiffs' allegations concern the origination and servicing of the loan. Plaintiffs' claims are unlikely to

succeed, as a matter of law.  Therefore, Plaintiffs fail to demonstrate how delaying the foreclosure would serve the public interest.

## III. ORDER

For the reasons set forth above,

Plaintiffs' Motion for a Preliminary Injunction is DENIED.

IT IS SO ORDERED.

Dated: July 26, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE