UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAMERTO Q. AND MINDA C. SALINAS, individuals<br><br>               Plaintiffs,<br><br>   v.<br><br>WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.; a Corporation; CAL-WESTERN RECONVEYANCE CORPORATION; a Corporation; and DOES 1 through 50, inclusive,<br><br>               Defendants. | Case No. 2:11-CV-01220 JAM-DAD<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEYS' FEES |

This matter comes before the Court on Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a defendant World Savings Bank, FSB's ("Defendant") Motion for an Award of Attorneys' Fees (Doc. #30). Defendant asks the Court to award attorneys' fees in the amount of $21,594.50. Plaintiffs Mamerto Q. Salinas and Minda Salinas, collectively ("Plaintiffs"), oppose the motion (Doc. #34).[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 19, 2011.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs borrowed $548,000.00 from Defendant on or around March 1, 2007. The loan was memorialized by a fixed rate mortgage note ("Note") and secured by a Deed of Trust ("DOT") recorded against the subject property.

Plaintiffs originally filed this action against Defendant in the Superior Court for the State of California, County of San Joaquin on April 4, 2011. Defendant removed the case to this Court on May 5, 2011 (Doc. #1) and moved to dismiss the Complaint on May 12, 2011 (Doc. #7). On May 16, 2011, Plaintiffs filed a Motion for Preliminary Injunction (Doc. #10). The Court denied Plaintiffs' Motion for Preliminary Injunction (Doc. #26) and it granted Defendant's Motion to Dismiss with Prejudice (Doc. #27). Defendant now seeks to recover attorneys' fees.

## II. OPINION

A. Legal Standard

1. Attorneys' Fees

Under the American rule, the prevailing litigant ordinarily is not entitled to collect reasonable attorney's fees from the losing party. Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co., 549 U.S. 443, 448 (2007). A statute or enforceable contract allocating attorney's fees, however, can overcome this rule. Id. State law governs the enforceability of attorney's fees in contract provisions. Security Mortgage Co. v. Powers, 278 U.S. 149, 153 (1928).


California permits parties to allocate attorney's fees by contract. See Cal. Code Civ. Proc. § 1021. California Civil Code Section 1717 governs the recovery of attorneys' fees pursuant to an underlying contract. The statute "authorizes reasonable attorney's fees '[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the contract, shall be awarded either to one of the parties or to the prevailing party.'" Barrientos v. 1801-1825 Morton LLC, 583 F.3d 1197, 1216 (9th Cir. 2009) (quoting Cal. Civ. Code § 1717(a)).

### 2. The Note and Deed of Trust

Defendant argues that its right to recover attorneys' fees is set forth in two clauses in the Note and the DOT. The Note provides at paragraph 7(E):

> **Payment of Lender's Costs and Expenses**:
>
> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

(Doc. #32, Exh. B at 4).

Similarly, the DOT contains an attorneys' fee provision at paragraph 7:

> If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees . . .

3

> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes . . .

(Doc. # 32, Exh. C at 7).

The Court takes judicial notice of the Note (Doc. #32, Exh. B) and of the DOT (Doc. # 32, Exh. C).

Plaintiffs do not challenge Defendant's argument that because Plaintiffs sought to permanently enjoin Defendant from foreclosing on the property, this lawsuit significantly affected Defendant's interest in the property.  Because Plaintiff's lawsuit attacked the mechanics of Defendant's ownership of the Note, the non-judicial foreclosure, and the mechanism by which Defendant became the beneficiary under the DOT, Defendant had to protect its interests in the Property.  Thus, Plaintiff's action falls within the scope of the fee clause in the Note and the DOT entitling Defendant to attorneys' fees.

### 3.   Prevailing Party

Plaintiffs argue that Defendant should not be considered the prevailing party because despite the Court's dismissal of the action, Plaintiffs achieved their litigation objective. Plaintiffs' contend that their sole desire was to remain in their home and to work with Defendant to produce a reasonable repayment plan on their mortgage loan.  Defendant has apparently placed Plaintiffs on a three-month trial payment plan and offered Plaintiffs a final loan modification.  Defendant counters that since the Court dismissed the complaint without leave to amend and the clerk entered judgment in favor of Defendant, it is the prevailing party.

"To be a prevailing party, the party must have received an enforceable judgment on the merits or a court-ordered consent decree." U.S. v. Milner, 583 F.3d 1174, 1196 (9th Cir. 2009) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001) ("[E]nforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.")); see also Cal. Civ. Code 1717(b)(1) ("the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.").

A dismissal with prejudice materially alters the legal relationship of the parties because the defendant does not remain subject to the risk that the Plaintiff will re-file. See U.S. v. Milner, 583 F.3d 1174, 1196 (9th Cir. 2009) (concluding that Defendants were not the prevailing parties because Plaintiff's claims were dismissed without prejudice and thus Defendants were still subject to the risk of re-filing). This Court entered judgment dismissing with prejudice all claims against Defendant. Thus, Defendant received an enforceable judgment on the merits which materially altered the legal rights of the parties. Accordingly, the Court finds that Defendant is the prevailing party and is entitled to attorneys' fees.

### 4. Reasonability of Attorneys' Fees

When the underlying contract does not specify an amount of attorneys' fees, it is within the Court's discretion to award a reasonable amount. Stokus v. Marsh, 217 Cal.App.3d 647, 654 (Cal. Ct. App. 1d 1990). In calculating reasonable attorney

fees, courts consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases. <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.</u>, 791 F.2d 1334, 1341-42 (9th Cir. 1986).

Defendant argues that it should receive $21,594.50 in attorneys' fees. Defendant's counsel asserts that it was required to expend considerable time and resources to defend this matter and that its rates are reasonable. In support, Defendant submitted the Declaration of Viddell Lee Heard ("Heard Decl.") (Doc. #31) detailing the qualifications and rates for each individual who worked on the case, as well as the detailed billing records for the case showing the fees and costs incurred by Defendant.

In <u>Rivera v. Wachovia Bank</u>, No. 09 CV 433 JM, 2009 WL 3423743, *3 (S.D.Cal. Oct. 23, 2009), the court granted the fee motion, but reduced the requested attorneys' fees by almost half because:

> "[t]he time and labor required to defend the matter were not great, nor were the legal questions novel or difficult. The case was resolved on a motion to dismiss, before [Defendant] prepared an answer or

6

>       conducted discovery.  As a mortgage provider,
>       [Defendant] has undoubtedly defended similar cases in
>       the past. . . .  On these facts, it is unclear why
>       [Defendant] required the services of so many
>       experienced and highly-credentialed attorneys.  While
>       the experience, reputation, and ability of the
>       attorneys is not questioned, it seems that these
>       attorneys had an overabundance of skill and experience
>       necessary to perform the legal services properly.

Rivera, 2009 WL 3423743 at *3.

Similar to Rivera, this case was entirely disposed of on a motion to dismiss.  There was no need for discovery or an answer and the legal questions were routine, as in Rivera.  It is similarly unclear why so many experienced and highly-credentialed attorneys were necessary to perform the legal services.

The Court has examined the billing records and the Heard Decl. and concludes that a reduction of fees is warranted.  This case was staffed by two attorneys with over 30 years of experience each (Mr. Flewelling and Mr. Carr) and an attorney with seventeen years of experience (Mr. Heard).  In addition, the attorneys were assisted by four paralegals.  The Court finds the billing rates of the attorneys ($320-$350/hour) and paralegals ($135-$160) to be reasonable, but that Defendant's counsel spent an excessive amount of time on the case.  As Defendant itself points out in its reply, Plaintiff's counsel, Mr. Graham, "has used nearly identical complaints in a host of cases in this district that assert basically the same nine to thirteen claims; and that counsel's briefing was 'superficial and contained boilerplate arguments that parrot the same conclusory allegations from the complaint.'"  Reply Br. at 6:18-21 (citing Melegrito v. CitiMortgage Inc., No. 11-01765 LB, 2011

WL 2197534, *1 (N.D. Cal. June 06, 2011)). Because of the standard boilerplate legal arguments in this case, the amount of time billed on this case by experienced lawyers such as Mr. Heard, Mr. Flewelling, and Mr. Carr was excessive. Mr. Heard, the principal attorney on this action, alone billed 52.5 hours. Not only were the hours excessive, they were also duplicative. For example, upon receiving the complaint, Mr. Flewelling devoted 0.7 hours to reviewing it, Mr. Heard dedicated an additional 0.60 hour review, followed by another 0.40 hour review, and then Ms. Dries, a paralegal, spent 0.6 hours also reviewing it. The Court agrees with Plaintiff that Defendant's fee request is unreasonably inflated.

Furthermore, as Plaintiff's counsel points out, Defendant's counsel billed for activities that have no apparent relation to the instant case. For example, on April 11, 2011, Mr. Carr, Mr. Heard, and Ms. Dries, charged $567.50 for work relating to a class action and a construction defect complaint. In its reply, Defendant did not respond to that mistake or offer to adjust its billing records.

The Court finds that, based on the factors outlined above, twenty-six hours of one attorney's (Mr. Heard) time and the nine hours for one paralegal's (Mr. Hernandez) time for a total of $9,715.00 is warranted.[2]

---

[2] The Court notes that Mr. Graham has filed several complaints containing similar meritless claims on behalf of his clients. See Fernandez v. GMAC Mortgage, LLC, No. C 11-2365 JF, 2011 WL 3795077 (N.D. Cal. Aug. 26, 2011); Nunez v. Bank of Am., N.A., No. C 11-0081 MMC, 2011 WL 2181326 (N.D. Cal. June 02, 2011); Melegrito v. CitiMortgage Inc., 2011 WL 2197534 (N.D. Cal. June 06, 2011); Corazon v. Aurora Loan Serv., No. 11-00542 SC , 2011 WL 1740099 (N.D. Cal. May 05, 2011); De Jose v. EMC Mortg. Corp., No. 11-0139 JCS, 2011 WL 1539656 (N.D. Cal. Apr. 18, 2011).

For all of the foregoing reasons, the Court GRANTS Defendant's motion for an award of costs and fees; Defendant is entitled to $9,715.00 in costs and fees.

## III. ORDER

For the reasons set forth above,

Defendant's Motion for an Award of Attorneys' Fees is GRANTED and Plaintiffs are ordered to pay $9,715.00 in costs and fees to Defendant.

IT IS SO ORDERED.

Dated:   November 9, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE